UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Lawrence Watson | CIVIL ACTION |
| | NO. 22-5 |
| VERSUS | |
| Felix Arroyo et al | SECTION "A" (1) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 19)** filed by the Federal Bureau of Investigation and Director Christopher Wray, **Motion for Extension of Time to File Response (Rec. Doc. 20)** filed by Plaintiff Lawrence Watson, and **Exparte/Consent Motion for Leave to File Reply Memo (Rec. Doc. 25)** filed by the Federal Bureau of Investigation and Director Christopher Wray.  For the following reasons, all motions under submission are **GRANTED**.

The Plaintiff filed his Complaint alleging child custody matters in light of Massachusetts state law and blaming the Director of the Federal Bureau of Investigation ("FBI") Christopher Wray's failure to intervene to stop actions taken by other defendants that ultimately prevented the Plaintiff from purchasing a firearm.  To support these allegations, the Plaintiff pursued claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA").  Notwithstanding the § 1983 and FTCA claims, the rest of the Plaintiff's lawsuit is pertaining to Massachusetts state law and brought against Massachusetts politicians.

Federal Courts are Courts of limited jurisdiction. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).  Unless conferred by statute, Federal Courts lack the jurisdiction necessary to adjudicate claims.  *Id*.  A motion to dismiss for lack of

1

subject matter jurisdiction is analyzed under a standard that seeks to determine whether a complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Fed. R. Civ. P. 12(b)(1)*. *Signal Mut. Indem. Ass'n, Ltd. v. Asbestos Corp., Ltd.*, 373 F. Supp. 3d 679 (M.D. La. 2017). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Roby v. State Farm Fire & Cas. Co.*, 464 F.Supp.2d 572, 575 (E.D.La.2006). It is the plaintiff's burden to establish that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).

Additionally, it is well-settled law that the United States of America is immune from liability except in the manner and degree that immunity is waived. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Dugan v. Rank*, 372 U.S. 609, 618 (1963). The United States can only be sued if a federal statute expressly provides for a waiver of sovereign immunity. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Suits against federal officers in their official capacity are treated similarly to suits against the Government, insofar as the Government must expressly waive its sovereign immunity for the suit to go forward before even delving into the merits of the claim. *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (citations omitted). Furthermore, the Fifth Circuit Court of Appeals has consistently held that a plaintiff cannot bring a claim under 42 U.S.C. § 1983 against the FBI or its Director. *London v. F.B.I.*, 388 F. App'x 439 (5th Cir. 2010); see *Reed v. McDonough*, 2021 WL 4452357, at *2 (5th Cir. 2021). Like a § 1983 claim, FTCA claims require the Unites States to waive immunity in a tort suit. For example, Congress has partially waived FTCA immunity for tortious conduct of federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b). However

just like § 1983 claims, the proper defendant in a FTCA action is the United States of America, not a government employee or agency. *Galvin v. OSHA*, 860 F. 2d 181, 183.

Regarding the Defendants FBI and Christopher Wray's Motion to Dismiss for Lack of Jurisdiction, this Court lacks subject matter jurisdiction insofar as the FBI and Christopher Wray are immune from liability or are the incorrect defendants to be named in the law suit. The Plaintiff has the burden of proof to establish proper subject matter jurisdiction. Here, Director Wray and the FBI are immune from the Plaintiff's claims under § 1983. Furthermore, the FTCA does not allow the Plaintiff to sue a government employee or agency directly. Therefore, the Plaintiff has failed to properly prove his burden that this Court has the proper subject matter jurisdiction to adjudicate his claims. All of the Plaintiff's claims against Director Wray or the FBI will be dismissed for lack of subject matter jurisdiction and the Defendant's motion is **GRANTED.**

Accordingly;

IT IS ORDERED that the **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 19)** is **GRANTED**.

IT IS FURTHER ORDERED that **Motion for Extension of Time to File Response (Rec. Doc. 20)** filed by Plaintiff Lawrence Watson is **GRANTED**.

IT IS FURTHER ORDERED that the **Exparte/Consent Motion for Leave to File Reply Memo (Rec. Doc. 25)** filed by the Federal Bureau of Investigation and Director Christopher Wray is **GRANTED.**

**THIS MATTER IS DISMISSED WITH PREJUDICE.**

March 31, 2023

_____
Judge Jay C. Zainey

*******